**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Jane Doe, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-00858 |
| | : | |
| v. | : | Judge Edmund A. Sargus |
| | : | |
| Ohio University, *et al.*, | : | Magistrate Elizabeth Preston Deavers |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS ALL CLAIMS

Now come Defendants, Ohio University, Ohio University Board of Trustees, T. Dane Bennett, Taylor J. Tackett and Jason Pina, by and through counsel, and hereby respectfully move this Court, pursuant to Fed. R. Civ. P. 12(b)(1) & (6), for an order dismissing Plaintiff's Complaint in its entirety. (ECF 1.) A memorandum in support follows.

          Respectfully submitted,

          **DAVE YOST (0056290)**
          ATTORNEY GENERAL OF OHIO


          */s/ Christopher E. Hogan*
          Christopher E. Hogan      (0070236)
          Lead Counsel
          chogan@npklaw.com
          Amy E. Kuhlman      (0083194)
          akuhlman@npkhlaw.com
          Newhouse, Prophater, Kolman & Hogan, LLC
          3366 Riverside Drive, Suite 103
          Columbus, Ohio 43221
          Telephone:    614/255-5441
          Facsimile:    614/255-5446
          *Outside Counsel for Defendants Ohio University,*
          *Ohio University Board of Trustees, T. Dane*
          *Bennett, Taylor J. Tackett and Jason Pina*

**MEMORANDUM IN SUPPORT**

**I.   Introduction**

Plaintiff Doe, a graduate of Defendant Ohio University, brings this action against Defendants, Ohio University, its "Board of Trustees" (collectively "Defendant University"); Taylor J. Tackett ("Tackett"); T. Dane Bennett ("Bennett"), and Jason Pina ("Pina") (collectively "Individual Defendants"). Plaintiff brings three claims against Defendant University for alleged violations of Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681, *et seq*. ("Title IX"). Plaintiff brings three claims against "all Defendants," pursuant to 42 U.S.C. §1983 ("Section 1983"), for alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.[1]

Defendant Tackett is the University's Assistant Dean of Students and Director of Community Standards and Student Responsibility. Defendant Bennett is Defendant University's Assistant Director of Community Standards and Student Responsibility. Defendants Tackett and Bennett were co-hearing officers who presided over the initial hearing involving Doe and Smith and the subsequent rehearing after the first appeal. Defendant Pina was Defendant University's Vice President for Student Affairs. He currently lives in New York and works at New York University. Defendant Pina heard an appeal from Smith after the first hearing and an appeal from Plaintiff after the second hearing.

The pertinent facts are discussed in connection with each claim below. By way of summary, Plaintiff alleges that she was sexually assaulted by a fellow student ("Smith") at an off-campus residence in February of 2019. After two hearings and two appeals, Smith ultimately was

---

[1] The Complaint explains that Defendant University's "Board of Trustees is being named as a defendant in this action to the extent that it is the proper party notwithstanding, and/or is the real party in interest to defend this action against the University." (ECF 1, PageId#5, ¶12.) Defendant University stipulates that it is the proper defendant and the real party in interest in this matter with respect to claims against Ohio University.

2

found, by a preponderance of the evidence, not responsible for violating Defendant University's sexual misconduct policy.

Plaintiff alleges generally that Defendant University maintained a "rape culture" that caused Smith to sexually assault her. She also alleges that she suffered actionable peer harassment of which the University had actual knowledge and to which it was deliberately indifferent. Finally, Plaintiff alleges that all the Defendants mishandled the University's extensive internal student misconduct proceedings involving her and Smith in a manner that violated her constitutional rights.

For the reasons that follow, the Complaint fails to state a claim. However, in discharging their fiduciary duties to mount a legal defense, Defendants in no way seek to minimize Plaintiff's feelings and beliefs.

## II.  Standard of Review

To survive a motion to dismiss, a plaintiff must plead more than the bare assertion of legal conclusions. Rather, a plaintiff must plead enough factual matter that when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *See, also, Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "Plausibility requires showing more than the 'sheer possibility' of relief, but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.,* 628 F.3d 278, 280 (6th Cir. 2010).

Under *Twombly,* well-pled facts must be accepted by the Court, but conclusions should not be accepted unless they are plausibly supported by the facts pled. "[B]are assertions" may provide context to factual allegations, but are insufficient to state a clam for relief and must be disregarded. *Twombly,* 550 U.S. at 555; *Iqbal,* 556 U.S. at 679.

3

**III.**     **Law and Argument**

    **A. Counts I-III Fail to State Plausible Title IX Claims**

        1. <u>**Count I Against Defendant University—Deliberate Indifference in Violation of Title IX**</u>**: Because Count I does not Plausibly Allege that Defendant University was Deliberately Indifferent to Actionable Peer Harassment against Plaintiff, it Fails to State a Claim.**

Count I of the Complaint alleges a deliberate indifference claim under Title IX against Defendant University. (ECF 1, PageID 40-42; ¶¶229-242.) The operative facts can be found in paragraph 236 of the Complaint, which provides:

> Defendant OU acted with deliberate indifference to known acts of sexual assault and harassment when it, among other things, (i) failed to investigate Plaintiff's complaints of continued harassment from peers and her assaulter following her Complaint; (ii) further victimized Plaintiff in response to Plaintiff's complaints of ongoing harassment from peers; (iii) permitted Smith to submit a deficient appeal; (iv) failed to properly assess and/or ignored the evidence against Smith in favor of reversing the Initial Determination against him; (v) rescinded the NCD thereby leaving Plaintiff vulnerable to further harassment which Plaintiff in fact experienced; and (vi) failed to properly protect Plaintiff after notification that Smith was harassing Plaintiff in violation of a lawful protective order. (ECF 1, PageID# 41; ¶236.)

Disagreement about how a university administers its discipline process is not actionable as a deliberate indifference claim under Title IX, unless the response proximately causes further actionable harassment. *Kollaritsch v. Michigan State University Board of Trustees,* 944 F.3d 613, 621-622 (6th Cir. 2019). Accordingly, the following analysis focuses on whether the University was deliberately indifferent to (a) Plaintiff's alleged sexual assault by Smith; and/or (b) subsequent actionable peer harassment of which an "appropriate person" had actual knowledge. (*See* ECF 1, PageID#41-42; ¶238.)

"Title IX provides that '[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." *Williams ex rel. Hart v. Paint Valley*

4

*Local Sch. Dist.,* 400 F.3d 360, 366 (6th Cir. 2005) (quoting 20 U.S.C. § 1681(a)). A student who experiences sexual harassment from fellow students may hold the school liable for damages under Title IX under limited circumstances. *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 643 (1999).

In *Davis,* the Supreme Court held that a recipient of federal funds "may not be held liable for damages unless its deliberate indifference 'subjects' its students to harassment." 526 U.S. at 644. In *Kollaritsch, supra.,* the Sixth Circuit elaborated on pleading requirements for Title IX deliberate indifference claims:

> We hold that the plaintiff must plead, and ultimately prove, an incident of actionable sexual harassment, the school's actual knowledge of it, some further incident of actionable sexual harassment, that the further actionable harassment would not have happened but for the objective unreasonableness (deliberate indifference) of the school's response, and that the Title IX injury is attributable to the post-actual-knowledge further harassment.

*Id.* at 944 F.3d at 623-624. "Actionable peer harassment" is sex-based harassment that is severe, pervasive, and (c) objectively offensive. *Kollaritsch*, *supra* 944 F.3d at 620 (citing *Davis*, 526 U.S. at 651). "By design and effect . . . [this] is a 'high standard.'" Id. at 619 (quoting *Davis*, 526 U.S. at 643). The allegations in the Complaint do not meet any of these elements.

### a. Encountering Smith is not "Actionable Harassment"

Bringing these principles to bear with respect to Smith, the Complaint fails to plausibly allege that Defendant University's response to Plaintiff's Title IX complaint against Smith caused her to undergo further actionable harassment. Instead, the Complaint alleges that Plaintiff encountered Smith, most notably at an off-campus bar. (*See* ECF 1, PageID 37-38; ¶¶210-219.) However, subjective feelings of feeling unsafe and encountering a respondent is not "actionable harassment." *Kollaritsch*, *supra* 944 F.3d at 624 (encountering alleged harasser at least 9 times not actionable harassment); *see also Doe v. Univ. of Kentucky,* 959 F.3d 246, 252 (6th Cir.2020) (encountering alleged harasser, alleged staring and harassing not actionable harassment). However

5

unfortunate, the Complaint's mostly unspecified allegations that Plaintiff encountered Smith fail to state a claim.

### b. The General Peer Harassment Alleged in the Complaint is not "Actionable Harassment" and, Even if it Were, an "Appropriate Person" at University Lacked Actual Knowledge thereof.

The Complaint generally alleges that Smith's alleged supporters were antagonistic to Plaintiff, called her names on occasion, and took her picture. (*See e.g.,* ECF 1, PageID#27; ¶¶131-138.) The Complaint does not allege that any of the complained of peer harassment was caused by the Defendant University's multi-level response to Plaintiff Title IX complaint against Smith. Nor does the Complaint allege that Plaintiff filed a retaliation complaint against any of the alleged peer harassers. In any case, juvenile behavior, including teasing, name calling and social media attacks, have been found to fall short of "actionable harassment." *See Kollaritsch*, *supra* 944 F.3d at 624-625; *see also Dahmer v. W. Kentucky Univ.,* W.D.Ky. Civil Action No. 1:18-cv-124-DJH-LLK, 2021 U.S. Dist. LEXIS 39209 **16-19 (Mar. 2, 2021) (general hostility, physical proximity to alleged harasser, alleged social media harassment insufficient). Thus, the allegations in the Complaint that Smith's alleged supporters were antagonistic to Plaintiff are insufficient as a matter of law.

Yet, even if the foregoing alleged peer harassment by Smith's supporters amounted to actionable harassment, Count I would still fail as a matter of law. Plaintiff neither filed an internal complaint with the University nor put an "appropriate person" on actual notice of the alleged harassment. *Compare Kollaritsch*, *supra* 944 F.3d at 624 (plaintiff filed retaliatory harassment complaint). Here, the Complaint alleges that Plaintiff notified the "investigators" on her case of alleged peer harassment. (*See* ECF 1, PageID 29; ¶151.) However, there are no well pled facts tending to suggest an "investigator" was an appropriate person with authority to issue corrective action. Courts in this circuit have routinely held that an appropriate person must be a principal, a

6

Title IX coordinator or someone with the power to exercise disciplinary authority. *See Dahmer, supra* at \*\*11-15 (Mar. 2, 2021) (collecting cases). The focus of the inquiry is not whether a person to whom alleged harassment is reported is a mandatory reporter, but whether that person has authority to correct the wrongdoing reported. *Lipian v. Univ. of Michigan,* 453 F. Supp. 3d 937, 958 (E.D. Mich. 2020), *motion to certify appeal denied,* No. 18-13321, 2020 U.S. Dist. LEXIS 108124, 2020 WL 3402013 (E.D. Mich. June 19, 2020). There are no allegations that a front-line investigator at Defendant University had any authority to discipline students.

Because the Count I does not set forth well pled allegations of actionable harassment of which an appropriate person at the University had actual knowledge, it fails to state a claim.

2. **Count II Against Defendant University — Sexually Hostile Environment in Violation of Title IX: Because Count II does not Allege that a University Employee Subjected Plaintiff to a Sexually Hostile Environment, it Fails to State a Claim**

Count II of the Complaint is styled as a "Sexually Hostile Environment" claim under Title IX against Defendant University. (ECF 1, PageID#43-45; ¶¶243-259.) However, a review of the operative allegations discloses that it's simply a slightly rephrased version of the deliberate indifference claim in Count I. The gravamen of Count II, found in paragraph 254, parrots the gravamen of Count I set forth in paragraph 236—namely, that the University was deliberately indifferent to peer harassment of Plaintiff. Indeed, Count II twice describes the University as being "deliberately indifferent." (ECF 1, PageId#44, ¶¶253-254.)

But hostile environment claims under Title IX are distinct from deliberate indifference claims. *Doe v. Univ. of Kentucky,* 959 F.3d 246, 251 and n.3 (6th Cir.2020). For a plaintiff to proceed on a hostile environment claim against a university under Title IX, a plaintiff must establish a prima facie case showing that: (1) she was subjected to quid pro quo sexual harassment or a sexually hostile environment; (2) she provided actual notice of the situation to an "appropriate

7

person," who was, at a minimum, an official of the university with authority to take corrective action and to end discrimination; and (3) the university's response to the harassment amounted to "deliberate indifference." *Klemencic v. Ohio State Univ.*, 263 F.3d 504, 510 (6th Cir. 2001).

Under this theory of liability, the plaintiff must allege that his educational experience was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive [so as] to alter the conditions of the victim's" educational environment. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted). Allegations that a disciplinary process was biased fail to meet this standard. *Doe v. Miami Univ.,* 882 F.3d 579, 590 (6th Cir.2018).

Here Count II of the Complaint fails to set forth a distinct cause of action for hostile environment discrimination in violation of Title IX. There is no allegation that a university employee subjected Plaintiff to an environment permeated with "discriminatory intimidation, ridicule, and insult." Therefore, to the extent Count II purports to set forth a claim for "hostile environment" discrimination in violation of Title IX, it fails to allege sufficient facts to state a plausible claim.

> 3. **Count III: Policy of Deliberate Indifference in Violation of Title IX Against Defendant University: Because the Sixth Circuit does not Recognize a Cause of Action Alleging that a Plaintiff's Sexual Assault was Caused by a Policy of Deliberate Indifference by a State Entity, Count III should be Dismissed**

Count III of the Complaint alleges that Defendant University violated Title IX by condoning a "rape culture" which caused Smith to sexually assault Plaintiff at an off-campus residence. (ECF 1, PageID#45-50; ¶¶260-270.) In support of this claim, the Complaint recites a series of purported media reports mostly addressing matters that occurred years prior involving a fraternity to which Smith did not belong. (Id., PageId#6-11; ¶¶21-41.) In any case, the Sixth Circuit has recently made clear that a Title IX claim cannot be premised on a university's alleged failure

8

to address the risk of sexual harassment based on past incidents of sexual harassment against students other than the plaintiff. *Kollaritsch, supra,* 944 F.3d at 621-622 (citing *Pahssen v. Merrill Community School Dist.,* 668 F.3d 356, 363 (6th Cir. 2012); *see also Kowalski v. Michigan State Univ.,* W.D.Mich. No. 1:18-cv-390, 2021 U.S. Dist. LEXIS 34376, **4-5 (Feb. 24, 2021) (claim that university "maintained official policies that left her and other female students vulnerable to sexual assault" foreclosed by *Kollaritsch*); *T.C. ex rel. S.C. v. Metro. Govt. of Nashville & Davidson Cty.,* M.D.Tenn. No. 3:17-cv-01098, 2020 U.S. Dist. LEXIS 176805 at *51 (Sep. 25, 2020) ("the court in *Kollaritsch* was unambiguous that a [Title IX] claim cannot be premised on a school's failure to address risk of sexual harassment based on past incidents of harassment against students other than the plaintiff").

Even if Count III contained material allegations of an official policy that plausibly caused Smith to sexually assault Doe, which it does not, such a theory of recovery is not viable in the Sixth Circuit. Accordingly, Count III of the Complaint fails to state a claim and should be dismissed.

**B.     The Complaint Fails to State a Plausible Section 1983 Claim**

Counts IV-VI of the Complaint purport to set forth causes of action under Section 1983 against "all Defendants" for violations of Plaintiff's procedural due process rights, her substantive due process rights and her equal protection rights, all of which are secured by the Fourteenth Amendment. (ECF 1, PageId#48-55; ¶¶271-314.)  Defendants will first provide an overview of the framework for constitutional torts under Section 1983. Next, they will demonstrate that the Section 1983 claims purportedly asserted against Defendant University is barred as a matter of law, as it is not a "person" amenable to suit under Section 1983. Finally, Defendants will show

9

that the face of the Complaint fails to adequately allege a Section 1983 claim against any of the Individual Defendants in their personal capacities.[2]

### 1. Framework for Constitutional Torts under Section 1983

The Fourteenth Amendment does not itself create a private right of action. However, the rights created by the Amendment can be enforced through Section 1983. *Engquist v. Oregon Dep't of Agric.,* 553 U.S. 591 (2008). To this end, Section 1983 confers a right of action against any "person" who, acting under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution or federal law. *Burnett v. Grattan,* 468 U.S. 42, 45 n. 3 (1984). Accordingly, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived plaintiff of this federal right under color of law. *Jones v. Duncan,* 840 F.2d 359, 361–62 (6th Cir. 1988).

### 2. Because a State University is not a "person" Amenable to Suit under Section 1983, the Complaint's Section 1983 Claims Against Defendant University are Barred as a Matter of Law

The Complaint purports to set forth three causes of action under Section 1983 against "All Defendants." (Counts IV-VI, ECF 1, pgs. 48-55, ¶¶271-314.) Before delving into the precise contours of each cause of action, it may first be helpful to dispense with the Section 1983 claims asserted against the Defendant University. The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). This principle applies with equal force to instrumentalities of a state, including state universities, such as Ohio University. *See Russell v. University of Toledo,* 537 F.3d 596, 610 (6th Cir. 2008); *Hall v. Medical College of Ohio at Toledo,*

---

[2] To the extent the Complaint seeks injunctive relief against any of the Individual Defendants, such a claim will not lie. Plaintiff has graduated from the University and is living in Michigan. Accordingly, she does not have standing to assert a claim for injunctive relief. *Lipian v. Univ. of Mich.*, 453 F.Supp.3d 937, 954-955 (E.D. Mich.2019).

742 F.2d 299, 307 (6th Cir. 1984); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 566 (6th Cir. 2000); *see also* Ohio Rev. Code § 3345.011 (defining "state university" as including Ohio University). Further, a Section 1983 claim against a state official in his or her official capacity is tantamount to a suit against the State itself and is similarly barred. *See Will*, supra, 491 U.S. at 71; *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).

Accordingly, the Section 1983 claims in Counts IV-VI against Defendant University, its "Board of Trustees" and the individual Defendants in their official capacities should be dismissed, leaving for further consideration only those claims as asserted against Defendants Tackett, Bennett and Pina in their personal capacities.[3]

### 3. The Section 1983 Claims Against the Individual Defendants in their Personal Capacities Fail as a Matter of Law

Counts IV-VI of the Complaint purport to set forth causes of action under Section 1983 against Defendants Tackett, Bennett and Pina for violations of Plaintiff's procedural due process rights, her substantive due process rights and her equal protection rights, all of which are secured by the Fourteenth Amendment. (ECF 1, pgs. 48-55; ¶¶271-314.) As noted above, any Section 1983 claim against these Defendants in their official capacity is, in effect, a suit against the State itself and is barred. *See Will*, *supra*, 491 U.S. at 71. However, the Complaint's Prayer indicates that these claims are asserted against the individual defendants in their personal capacity. (ECF 1, pgs. 56-57.)

Section 1983 claims against public employees in their personal capacities seek to hold them personally liable for the alleged constitutional violation. *Peatross v. City of Memphis,* 818 F.3d 233, 240-41 (6th Cir. 2016). It is well-settled in the context of Section 1983 litigation that a plaintiff

---

[3] See note 2, *supra*. Plaintiff lacks standing to pursue any claims for injunctive relief against the Individual Defendants in their personal capacities.

must describe the unlawful act(s) of the defendant "with particularity." *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008).

### 4. Alleged Deprivations of Procedural Due Process

Count IV of the Complaint alleges that Defendants Tackett, Bennett and Pina violated Plaintiff's procedural due process rights guaranteed by the Due Process Clause of the Fourteenth Amendment. (ECF No. 1, PageID#48-50, ¶¶271-288.) The gravamen of the claim is found in paragraph 281 of the Complaint, which provides:

> As set forth herein and above, Defendants flagrantly violated Plaintiff's clearly established rights under the Due Process Clause of the Fourteenth Amendment by, among other things, (i) disallowing Plaintiff the opportunity to properly appeal the Final Determination under the same basis and standards Smith was permitted to appeal the Initial Determination and (ii) depriving Plaintiff of her right to report and be heard related to her complaints of ongoing sexual harassment and retaliation following submission of her Complaint against Smith. (ECF No. 1, PageID 49, ¶281.)

As more fully explained below, even assuming that Plaintiff had a constitutionally-protected interest at stake as the complaining party in the Title IX proceedings at Defendant University, the Complaint fails to sufficiently allege a deprivation of that right as a result of constitutionally inadequate procedures. First, there are no well pled allegations suggesting that Defendants Tackett and Bennett—the hearing officers—violated Plaintiff's due process rights. Second, the Complaint's allegation in subparagraph (i), suggesting that the Defendant Pina misapplied the University's appeal standards, is properly classified as an alleged policy violation, not a constitutionally inadequate procedure. Finally, the Complaint's allegation in subparagraph (ii) that Plaintiff was deprived of her right to report and be heard related to her complaints of ongoing harassment following her submission of her complaint against Smith simply does not tie into any well pled predicate allegations in the Complaint or roll up to any of the individual Defendants.

### a. Misapplication of Appeal Standards

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976). To establish a procedural due process claim, a plaintiff must (1) "establish a constitutionally protected liberty or property interest" and (2) "show that such an interest was deprived without appropriate process." *Midkiff v. Adams Cty. Reg'l Water Dist.,* 409 F.3d 758, 762 (6th 2005). As noted above, it is not clear what constitutionally-protected interest Plaintiff, as an accuser in a Title IX proceeding, is asserting was deprived as a result of constitutionally inadequate procedures. However, this issue need not be resolved as the face of the Complaint demonstrates that Plaintiff received all the process due under the law.

Here the Complaint does not allege that Plaintiff was denied one of procedural rights found by the Sixth Circuit as being constitutionally required. For example, the Complaint does not allege that Plaintiff received inadequate notice of the charges, an opportunity to tell her side of the story or to cross examine adverse witnesses. *Doe v. Baum,* 903 F.3d 575, 581-582 (6th Cir. 2018).; *Doe v. Miami Univ., supra* 882 F.3d at 600. Indeed, the Complaint describes extensive proceedings that pass constitutional muster. (ECF No. 1, PageID#19-21, 31-37, ¶¶95-99,159-209.)[4] Ultimately, the essence of Plaintiff's procedural due process claim is that Defendant Pina misapplied or misinterpreted the University's policy concerning appeals. (ECF No. 1, PageID#32-34, 36-37, ¶¶172-185, 200-209.) Even if the Due Process Clause compelled public institutions to offer an appeal, which it does not, a public institution's alleged violation of its own policies does not state

---

[4] Plaintiff takes issue with the fact that University employees urged her to participate in the hearings involving Smith. But if she didn't participate, the case would have been dismissed in Smith's favor on due process grounds. *Doe v. Baum,* 903 F.3d 575 (6th Cir. 2018).

a due process violation. *Anderson v. The Ohio State Univ.,* 26 Fed. Appx. 412, 414 (6th Cir. 2001); *Purisch v. Tenn. Tech. Univ.,* 76 F.3d 1414, 1423 (6th Cir. 1996).

For these reasons, Count IV fails to state a due process claim in connection with the hearing and appellate process.

### b. Alleged Refusal to Hear Plaintiff's Additional Complaints of Harassment and Retaliation

The second component of Plaintiff's procedural due process claim appears to suggest that she was blocked from filing a separate complaint alleging "ongoing sexual harassment and retaliation following submission of her Complaint against Smith." However, as noted above, there are no well-pled factual allegations suggesting that Plaintiff ever attempted to file an additional formal complaint under the University's Title IX policies, much less that she was prevented from doing so by one or more of the individual Defendants. On the contrary, the Complaint makes clear that Plaintiff knew how to file a Title IX complaints and filed an appeal in her proceeding against Smith despite her allegation that Defendant Tackett sought to dissuade her from doing so. (ECF 1, PageID#16, 37, ¶¶77-78, 206.)

Ultimately, Count IV fails to articulate particularized allegations demonstrating how each (or any) of the Individual Defendants engaged in intentional conduct that caused her to suffer a constitutional injury. *Lanman, supra* 529 F.3d at 684. Accordingly, the procedural due process claims in Count IV against Defendants Tackett, Bennett and Pina should be dismissed for failure to state a claim.

### 5. Substantive Due Process

Count V of the Complaint alleges that "All Defendants" violated Plaintiff's right to bodily integrity guaranteed by the substantive due process component of the Due Process Clause of the

14

Fourteenth Amendment. (ECF No. 1, PageID#50-53, ¶¶289-305.) The gravamen of Count V can be found in paragraph 296 of the Complaint, which provides, in pertinent part,

> […] Defendants maintained and/or condoned and/or implemented policies, procedures, and practices that were insufficient to adequately and promptly address sexual misconduct on Defendant OU's campus and which left victims of sexual misconduct vulnerable on Defendant OU's campus. (ECF 1, PageId#51, ¶296.)

The Complaint adduces *Lipian v. Univ. of Michigan,* 453 F. Supp. 3d 937 (E.D. Mich. 2020), *motion to certify appeal denied,* No. 18-13321, 2020 U.S. Dist. LEXIS 108124, 2020 WL 3402013 (E.D. Mich. June 19, 2020) as direct support for this theory of liability. However, as a threshold matter, it should be noted that *Lipian* concerned an alleged sexual assault that a student suffered at the hands of a University employee, not a fellow student, as is the case here. Nevertheless, *Lipian* is instructive.

*Lipian* affirmed, and Defendants do not dispute, that the right to bodily integrity, including the right to be free from sexual assault, is a right protected by the substantive component of the Due Process Clause. However, like in *Lipian*, the Complaint here fails to articulate a legally-cognizable theory of liability under Section 1983. In *Lipian,* the court dismissed the plaintiff's generalized claims against various university administrators as failing to state a claim under Section 1983. The *Lipian* court noted, allegations of a "[c]ollective failures[e] of responsibility are not actionable under §1983, which requires plaintiffs to plead that each defendant, through the official's own individual actions, has violated the Constitution." *Lipian,* 453 F. Supp at 963 (citation and internal quotation marks omitted). In so holding, the *Lipian* court hewed to well-established Sixth Circuit and United States Supreme Court precedent requiring a showing under Section 1983 that a defendant acting under color of state law caused the constitutional violation at issue. *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir. 2006). Although not an issue here, even *respondeat superior* liability is insufficient. *Lipian,* 453 F. Supp at 954.

With the above in mind and in view of the fact that the Complaint quite clearly evinces that it was Smith who violated Plaintiff's right to bodily integrity, not any of the individual Defendants, Count V should be dismissed.

### 6. Equal protection

Count VI of the Complaint alleges that "All Defendants" violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1, PageID#53-55, ¶¶307-316.) The essence of the cause of action is set forth in paragraph 311 of the Complaint, which provides:

> As set forth herein and above, Defendants subjected Plaintiff, the female complainant, to differential treatment vis-à-vis Smith, the male respondent, and treated Plaintiff less well than Smith on the basis of Plaintiff's gender by, among other things, (i) subjecting Plaintiff to a sexual assault and sexual harassment through their policies condoning and/or endorsing a campus "rape culture"; (ii) failing to provide Plaintiff equal process and appeal rights as compared to her male assailant, Smith; (iii) permitting Smith to further harass Plaintiff on campus without consequence; and (iv) subjecting Plaintiff to a hostile education environment. (ECF No. 1, PageID#54, ¶311.)

To establish an equal protection claim based on sex under Section 1983, a plaintiff must show that an appropriate Section 1983 defendant intentionally and purposefully discriminated against because of her sex. *Doe v. Miami Univ., supra* 882 F.3d at 595. Allegations of unfair treatment are insufficient. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 313 (6th Cir. 2005). Rather, the protected characteristic must be the determining factor. *Boger v. Wayne Cty.,* 950 F.2d 316, 325 (6th Cir. 1991). When a complaint does not contain factual allegations demonstrating unlawful animus on the part of an individual Section 1983 defendant, dismissal pursuant to Section 1983 is appropriate. *Singh v. Michigan State Univ.,* W.D.Mich. No. 1:19-cv-431, 2020 U.S. Dist. LEXIS 165432 at *16 (Sep. 10, 2020). Such is the case here. There are no factual allegations that would suggest that any of the Individual Defendants harbored any sex-based animus against Plaintiff.

Yet, even if an allegation of differential treatment under similar circumstances, standing alone, were sufficient to state a claim, Count VI still fails as a matter of law. "In order to state a claim for an equal protection violation based upon gender discrimination, Plaintiff must demonstrate that he was treated differently—under the same facts and circumstances—than a member of the opposite gender." *Doe v. Ohio State Univ.,* 239 F.Supp.3d 1048, 1082-83 (S.D. Ohio 2017) (citing *Kuhn v. Washtenaw Cty.,* 709 F.3d 612, 624 (6th Cir. 2013)). An equal protection claim based on how university administrators made discretionary decisions fails to state a claim. *Kollaritsch, supra* 944 F.3d at 625-627.

The only allegations in the Complaint that could conceivably be viewed as alleging differential treatment under the same facts and circumstances concerns the allegations that Defendant Pina treated Plaintiff's Title IX appeal less favorably than Smith's. (ECF No. 1, PageID#32-34, 36-37, 54, ¶¶ 172-185, 200-209, 311(ii).) However, the face of the Complaint plainly discloses that the appeals were not made "under the same facts and circumstances[.]" *Doe, supra.* Smith filed an appeal in the wake of being found responsible for sexual misconduct citing the expressly authorized basis of "procedural defect." The Complaint alleges that the appeal was sustained as to how a piece of evidence was used and a limited re-hearing was ordered. (Id., PageID# 33, ¶¶ 174-178.) Plaintiff, on the other hand, filed an appeal of "inappropriate sanction" in the wake of Smith being found not responsible after the rehearing. (Id., PageID 37, ¶207.) However, because Smith had been found not responsible, he was therefore not sanctioned. Consequently, there was no sanction to appeal as "inappropriate." To be sure, Plaintiff has every right to disagree with the hearing panel's determination, but the face of the Complaint makes clear that the appeals are too dissimilar to support an equal protection claim against Defendant Pina.

In sum, the counts against the individual Defendants contain no well-pled allegations of individual deliberate indifference or sex-based animus. The Complaint simply disagrees with how

17

these Defendants performed thankless jobs that get them sued no matter which way they rule. The Sixth Circuit has stressed that Title IX does not require a "particular response" in order to comply with Title IX. *Vance v. Spencer Cty. Pub. Sch. Dist.,* 231 F.3d 253, 260-261 (6th Cir. 2000). And that "courts should avoid second-guessing school administrators" selection of one particular policy or response over another. *Stiles ex rel. D.S. v. Grainger Cty., Tenn.,* 819 F.3d 834, 848 (6th Cir. 2016) (citations omitted).

Ultimately, the Count VI, like the other counts, fails to articulate "sufficient factual matter" to show that the Individual Defendants acted with discriminatory motives that caused a violation of Plaintiff's constitutional rights. *Iqbal,* 556 U.S. at 677. Accordingly, the claims against them should be dismissed.

### 7. The Individual Defendants are Entitled to Qualified Immunity

As noted above, Plaintiff cannot plausibly establish that any or all of the "Individual Defendants" violated her constitutional rights. Therefore, the Court need not address the doctrine of qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 200-01, 121 S. Ct. 2151 (2001) (*abrogated on other grounds by Pearson v. Callahan,* 555 U.S. 223 (2009)). Yet, even if the Court concludes that Plaintiff suffered a constitutional injury, the Individual Defendants would be entitled to qualified immunity, as any such right in the context at bar was not clearly established.

The doctrine of qualified immunity protects public employees, such as the individual Defendants in this case, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The doctrine balances "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v.*

*Callahan,* 555 U.S. 223, 231 (2009). Immunity attaches to all but those who "knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

Importantly, qualified immunity from civil actions for damages is not a mere defense to liability, but instead constitutes immunity from suit and an entitlement not to stand trial. *See Saucier, supra.* Accordingly, it is important to resolve immunity issues "at the earliest possible stage in litigation." *Pearson,* 555 U.S. at 232.

There are two general steps to the qualified immunity analysis. A court must determine whether "the facts alleged show the officer's conduct violated a constitutional right" and whether that right was "clearly established." *Cass v. City of Dayton,* 770 F.3d 368, 374 (6th Cir. 2014). "To be clearly established, a right must have been decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged violation occurred." *Neague v. Cynkar,* 258 F.3d 504, 507 (6th Cir. 2001).

As noted above, Plaintiff received constitutionally adequate due process; to the extent her right to bodily integrity was violated, it was violated by Smith, not any of the Individual Defendants; and Plaintiff and Smith were too dissimilarly situated to support an equal protection claim, even if all the other elements of the claim were met. Any further rights would not be clearly established. Therefore, the Individual Defendants are entitled to qualified immunity.

**IV.    Conclusion**

For the foregoing reasons, the Complaint in this matter fails to state a claim and should be dismissed with prejudice, pursuant to Fed.R.Civ.P 12(b)(1) and (6).

Respectfully submitted,

**DAVE YOST (0056290)**
ATTORNEY GENERAL OF OHIO


    */s/ Christopher E. Hogan*
Christopher E. Hogan    (0070236)
Lead Counsel
chogan@npklaw.com
Amy E. Kuhlman    (0083194)
akuhlman@npkhlaw.com
Newhouse, Prophater, Kolman & Hogan, LLC
3366 Riverside Drive, Suite 103
Columbus, Ohio 43221
Telephone:    614/255-5441
Facsimile:    614/255-5446
*Outside Counsel for Defendants Ohio University, Ohio University Board of Trustees, T. Dane Bennett, Taylor J. Tackett and Jason Pina*


## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will also send such notification to:

| | |
|---|---|
| Andrew S. Baker<br>The Baker Law Group<br>107 South High Street, Suite 400<br>Columbus, Ohio 43215<br>*Counsel for Plaintiff* | Andrew T. Miltenberg<br>Stuart Bernstein<br>Gabrielle M. Vinci<br>Nesenoff & Miltenberg, LLP<br>363 Seventh Avenue, Fifth Floor<br>New York, NY 10001<br>*Counsel for Plaintiff* |

    */s/ Christopher E. Hogan*
Christopher E. Hogan    (0070236)